IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          v.                  )          Criminal No. 09-151
                              )
KELLY HARDY                   )

### DEFENDANT KELLY HARDY'S RESPONSE TO GOVERNMENT'S BRIEF ON RESTITUTION

AND NOW comes the defendant, Kelly Hardy, by his attorney, W. Penn Hackney, Assistant Federal Public Defender, and respectfully files this response to the government's Brief on Restitution.

Mr. Hardy pled guilty to a three-count indictment charging him with distribution, possession and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) (Count One), 2252(a)(2) (Count Two) and 2252(a)(4)(B) (Count Three). "Amy" is an individual who was sexually abused as a child by her uncle. Amy's uncle photographed the abuse and shared the images with others. Over time, these photographs became widely disseminated via the internet, and some images of Amy were among the child pornography found on Mr. Hardy's computer. Amy has submitted a claim seeking $3,367,854 in restitution from Mr. Hardy. The government has filed a brief on restitution, to which Mr. Hardy files this response.

**I.     Discussion**.

Title 18, United States Code, § 2259 provides that courts must order restitution to any victim of an offense under Chapter 110, pertaining to the "Sexual Exploitation and Other Abuse of Children."  Chapter 110 encompasses a wide variety of crimes pertaining to children, including, inter alia, the production of child pornography (18 U.S.C. § 2251), the selling, buying, or transfer of a child's custody for purposes of producing child pornography (18 U.S.C. § 2251A), and the possession or distribution of child pornography (18 U.S.C. § 2252).  In this case, Mr. Hardy stands convicted of the possession, distribution and receipt of child pornography.  Although Mr. Hardy apparently possessed depictions of child pornography containing images of Amy, he did so unknowingly and was in no way involved in the physical abuse of Amy or in the production of images of her.[1]

---

[1]     The government contends that Amy is a victim of Mr. Hardy's crimes.  Gov. Br. 2-3.  Because Amy's request for restitution fails due to the lack of proximate cause, Mr. Hardy does not address this issue herein.  However, should this Court rule contrary to prevailing authority to find that § 2259 does not require proximate cause to support an order of restitution, or that Mr. Hardy's possession and viewing of the images could proximately cause Amy's losses, Mr. Hardy respectfully requests an opportunity to brief this issue.  See also Mr. Hardy's Due Process objections in footnote 4, below.

2

Section 2259 defines the "losses" that may be recovered under that statute:

> (3) Definition.--For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for--
>
>> (A) medical services relating to physical, psychiatric, or psychological care;
>>
>> (B) physical and occupational therapy or rehabilitation;
>>
>> (C) necessary transportation, temporary housing, and child care expenses;
>>
>> (D) lost income;
>>
>> (E) attorneys' fees, as well as other costs incurred; and
>>
>> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3).

As the statute, and the government, both recognize, an order of restitution under § 2259 "is tethered by a requirement that the particular crime proximately cause the particular loss."  Gov't. Brief 6 (citing United States v. Crandon, 173 F.3d 122, 125, 126 & n.2 (3d Cir. 1999) (upholding restitution order where the defendant pled guilty to receipt of child pornography consisting of *photos the defendant took* of the victim, and the court therefore found

3

that defendant's actions proximately caused the need for the victim's psychiatric treatment for which restitution was ordered)).  In other words, for restitution to be imposed under § 2259, it must be established that the defendant's conduct related to the offense of conviction *proximately caused* the victim's damages for which restitution is sought. See, e.g., United States v. Doe, 488 F.3d 1154, 1159-60 (9th Cir. 2007) (producer of child pornography proximately caused losses to eight minors molested by the defendant); United States v. Searle, No. 02-1271, 65 Fed. Appx. 343, 346, 2003 WL 21025186 (2d Cir. May 6, 2003) (defendant who produced child pornography proximately caused harm to the children he photographed because his actions caused the children he abused to lose their home and father); United States v. Laney, 189 F.3d 954 (9th Cir. 1999) (defendant who pled guilty to conspiring to engage in and engaging in activities related to the sexual exploitation of children proximately caused losses of child who was molested by co-conspirator where, *inter alia*, defendant advised molester of how to perform certain sexual acts on child).  See also United States v. Van Brackle, No. 2:08-CR-042-WCO, 2009 WL 4928050, *3-4 (N.D.Ga. Dec. 17, 2009) (§ 2259 includes a requirement of proximate cause); United States v. Paroline, ___ F.Supp.2d ___, 2009

4

WL 4572786 (E.D.Tex. Dec. 7, 2009) (same), <u>mandamus</u> <u>denied</u> by
<u>In re Amy</u>, ___ F.3d ___, 2009 WL 4928376 (5th Cir. Dec. 21,
2009);  <u>United States v. Estep</u>, 378 F.Supp.2d 7632, 770-72
(E.D. Ky. 2005) (same);  <u>United States v. Raplinger</u>, No. 05-
CR-49-LRR, 2007 WL 3285802 (N.D. Iowa, Oct. 9, 2007) (same).

    Where a defendant's criminal conduct consists of the
*production* of child pornography or *sexual contact* with a
child, courts have generally and unsurprisingly found
proximate cause between the defendant's criminal actions and
the victim's losses.  For example, in <u>United States v. Doe</u>,
<u>supra</u>, the Ninth Circuit upheld the sentencing court's
determination that a defendant who pled guilty to production
of child pornography outside the United States and to
engaging in illicit sexual conduct with minor persons in
foreign places, proximately caused damages *to those children
whom he molested and photographed*.  <u>Id</u>., 488 F.3d at 1159-62.
In <u>United States v. Danser</u>, 270 F.3d 451, 455-56 (7th Cir.
2001), the Seventh Circuit upheld a restitution order
awarding the cost of future therapy sessions for *a minor
child sexually abused and photographed by her father*, who was
found guilty of, *inter alia*, creating sexually explicit
photographs of the child.  <u>See also</u> <u>United States v. Baker</u>,
___ F.Supp.2d ___, 2009 WL 4572785, *5 (E.D. Tex. Dec. 7,

2009) ("[R]estitution in this type of case is payment for the harm caused to the victim by the *production* and dissemination of the child pornography.  This particular case involves the actual abuser, producer and distributor of the child pornography, as opposed to an end-user or possessor.... The entirety of losses these images cause ... is *a direct and proximate result* of the crimes to which [defendant] pled.") (emphasis added); cf., United States v. Johnson, 400 F.3d 187, 200-201 (4th Cir. 2005) (after guilty verdicts on charges of kidnaping, § 924(c), and attempting to kill a witness, upholding order of restitution to a third party which provided psychological counseling to the victim of the defendant's threats, battery, and sexual assault during the kidnaping).

Even under circumstances where the defendant personally participated in the sexual abuse, however, the government must carry its burden of *proving* the defendant's conduct related to the conviction *proximately caused* the claimant's injuries.  When the government fails to do so, restitution cannot be ordered.  See United States v. Raplinger, No. 05-CR-49-LRR, 2007 WL 3285802, *3-5 (N.D. Iowa Oct. 9, 2007) (government's evidence of double and triple hearsay was not sufficiently reliable for court to make finding of proximate

6

cause between defendant's crime of sexually abusing minor victim and her medical treatment and counseling, particularly where at least one other man sexually abused the victim at the time of the offenses and victim had a prior history of self-mutilation and mental problems).

In cases where a defendant, like Mr. Hardy, does *not* participate in the actual production of the pornography or the sexual abuse of the victim, the courts have routinely found that the government cannot establish that the defendant's conduct related to his conviction proximately caused the victim's harm.[2]  For example, the United States

------

[2]     The government has attached to as Exhibit 1 to its brief a "collection of restitution decisions regarding the two child victims, Amy of the Misty series and Vicky, who have actively sought restitution in federal court cases." Gov. Br. 7, n.1.  The government proffers this summary to support its conclusion that "district court judges have awarded some measure of restitution to Amy ... in 54 cases, while district courts have denied restitution in 18 other cases."  Gov. Br. 7.  Thus, the government's Exhibit gives the impression that district courts are granting requests in such cases in approximately 75% of the cases.  The proffered data, however, proves no such thing.  In the first place, the "Misty" series includes children in addition to Amy.  More importantly, the Exhibit does not purport to present a comprehensive summary of *all* district court decisions regarding restitution requests in child pornography possession cases, and indeed, the database for the government's "collection of restitution decisions" is "information provided to the Child Exploitation and Obscenity Section of the Department of Justice by the Assistant United States Attorneys who handled the respective cases."  Id. at
(continued...)

District Court for the Northern District of Georgia recognized in a case very similar to this one that it could not "estimate with reasonable certainty what portion of the claimants' harm was proximately caused by the defendant's act of receiving child pornography, as opposed to the initial abuse or unknown other acts of receipt and distribution that occurred before and independent of defendant's act." United States v. Van Brackle, No. 2:08-CR-042-WCO, 2009 WL 4928050, *5 (N.D.Ga. Dec. 17, 2009). Rather, the court found "the evidence tends to establish a total amount of harm resulting from all the abuses suffered, including the initial abuse and the *initial* distribution of child pornography." Id. (emphasis supplied). At issue in Van Brackle was a claim for restitution by Amy. Id. at *4-5.

---

[2](...continued)
n.1. Thus the summary is not comprehensive in that the reporting is voluntary (and it is respectfully submitted that prosecutors are much more likely to report their successes than their failures), and it is not legally enlightening in that it does not describe the basis and reasons for the restitution (which could be by settlement or any other reason), which the government candidly acknowledges. For these reasons Mr. Hardy submits that this Court cannot consider the government's Exhibit 1 as an indication of the general acceptance of restitution awards for the "Misty" series in child pornography cases. Mr. Hardy therefore moves that this Exhibit be stricken from the record as incompetent, irrelevant, immaterial, and misleading.

The United States District Court for the Northern District of California reached a similar conclusion in <u>United States v. Simon</u>, 2009 WL 2424673 (N.D. Cal. Aug. 7, 2009) where it found the government had not met its burden of showing proximate cause from defendant's act of viewing the images of Amy to any specific injury to her.[3] "At bottom," the court held, "the claim for restitution in this case is that [the defendant] should be ordered to pay restitution for injury to the victim that he did not cause, but that was caused by the independent acts of other persons." <u>Id</u>. at *6.

Other district courts have the same conclusion. <u>See</u> <u>United States v. Berk</u>, No. 08-CR-212-P-S, ___ F.Supp.2d ___, 2009 WL 3451085, *7 (D. Me. Oct. 29, 2009) (defendant who possessed images of child pornography did not proximately cause losses to the children depicted;  rather losses were "generalized and caused by the *idea* of their images being publicly viewed rather than *caused* by this particular defendant having viewed their images") (emphasis supplied); <u>United States v. Raplinger</u>, No. 05-CR-49-LRR, 2007 WL

---

[3]    Although the court in <u>Simon</u> rested its refusal to award restitution on the basis that such an award would have violated the plea agreement, it went to great lengths to discuss in detail the legal standard requiring a showing of proximate cause and to explain why the government did not make such a showing in that case. <u>Id</u>. at *4-6.

3285802, *5 (N.D. Iowa, Oct. 9, 2007) (restitution request denied because "the court simply has no way to gauge ... whether expenses for [the victim's] treatment and counseling were the proximate result of the Defendant's crimes").

This Court should also reject the government's suggestion that it could find proximate cause based upon the conduct of Mr. Hardy and others like him, "in the aggregate". Gov. Br. 12-13.  The government concedes that it is unaware of any precedential opinion reaching this conclusion.  <u>Id</u>. Moreover, the government acknowledges that "despite their sometimes communal nature, all substantive child pornography crimes cannot be considered the equivalent of one large, amorphous conspiracy/scheme-type crime for the purposes of awarding restitution."  <u>Id</u>. at 12.  In fact, the causation requirement is *narrower* for restitution awards than it is for a finding of relevant conduct under U.S.S.G. § 1B1.3. "Section 2259 does not make a defendant automatically liable to pay restitution for every crime that forms part of that defendant's 'relevant conduct' under U.S.S.G. § 1B1.3." <u>Laney</u>, <u>supra</u>, 189 F.3d at 965.  Clearly, the viewing of Amy's images by any *other* possessor of those images is not relevant conduct in this case.  Accordingly, a finding of proximate

10

cause for restitution purposes cannot be tied to those acts, in the aggregate or otherwise.

Lastly, Mr. Hardy submits that any order of restitution in this case would violate the Excessive Fines Clause of the Eighth Amendment.  The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. Amend. VIII.  While discussing 18 U.S.C. §§ 3663 and 3664, the Ninth Circuit held that a restitution order would not violate the Eighth Amendment where it was not grossly disproportionate to the defendant's culpability and that general restitution statutes guard against disproportionality by requiring a causal connection between the "victim's loss caused by the defendant's illegal activity" and the amount the defendant is required to pay.  United States v. Dubose, 146 F.3d 1141, 1145 (9th Cir. 1998).  Sentencing courts have expressed their belief that an order of restitution under § 2259 not limited to losses proximately caused by the offense of conviction could not withstand constitutional scrutiny and run afoul of the Eighth Amendment.  See Van Brackle, supra, 2009 WL 4928050 at *3; Berk, supra, 2009 WL 3451085 at *5 n.5;  see also Paroline, supra, 2009 WL 4572786 at *6 ("The Court is of the opinion that a restitution order under section 2259 that

11

is not limited to losses proximately caused by the
defendant's conduct would under most facts, including these,
violate the Eighth Amendment.").


## II. Conclusion.

Amy's losses were caused by her uncle's abuse and his
memorialization and dissemination of that abuse.  Regardless
of the sincerity of Amy's reported reaction to knowing that
the images of her are still available and being disseminated
and viewed, the government cannot show a specific loss that
was proximately caused by Mr. Hardy.[4]  As recognized by the
United States District Court for the District of Maine, while
the Court may be sympathetic to the difficulty of showing a
loss proximately caused by the conduct of any particular
defendant, the Court's sympathy "does not override the
requirement that such a showing be made before the Court can
order restitution."  Berk, supra, 2009 WL 3451085 at *8.

---

[4]    If the Court overrules this objection to the
requested restitution, Mr. Hardy moves under the Due Process
Clause for discovery of all financial data on which the claim
rests, an opportunity to depose the alleged victim, and an
opportunity to have her and the monetary assertions evaluated
by independent experts regarding the personal and economic
claims.

Because there has been no such showing in this case, this Court must deny the request for an order of restitution.

                              Respectfully submitted,

                              *s/ W. Penn Hackney*
                              W. Penn Hackney, Assistant
                              Federal Public Defender
                              Pa. Attorney ID No. 29671