# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Criminal No. 09-151 ) Judge Nora Barry Fischer |
| KELLY HARDY, | ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM OPINION**

On May 3, 2011, Kelly Hardy ("Defendant") filed with this Court a Motion To Seal Document From Public View With Citation to Authority. (Dkt. [93]). The United States ("the Government") filed its response on May 6, 2011 and the Defendant filed its reply on May 10, 2011. (*See* Dkts. [94]-[95]). For the reasons put forth below, Defendant's motion is DENIED.

### I. Background

Prior to Defendant's sentencing, this Court granted Defendant's motions to file both a sentencing memorandum and a psychological evaluation under seal. (Dkts. [41]-[44], [47]). Thereafter, this Court conducted a two day sentencing hearing. (Dkt. [93] at ¶ 2). The first day was devoted almost entirely to the testimony of the defense expert in forensic pathology. *Id.* The expert's testimony revolved around "the sensitive personal and family information that had previously been set forth in the memorandum and expert evaluation filed under seal. *Id.*

The official transcript of the August 12 hearing was placed on CM/ECF on December 1, 2010. (Dkt. [87]). On December 3, 2010, the official transcript of the April 22, 2009 proceedings in front of Judge Bissoon were placed on CM/ECF. (Dkt. [89]). Notice of Intent to Request Redaction of Specific Personal Data Identifiers was filed by Defendant on the same day, (Dkt.

[89]), and the Redacted Transcript was filed two weeks later. (Dkt. [91]). No similar filings were made with respect to the August 12 transcripts until the instant motion was filed on May 3, 2011.

## II. Parties' Arguments

Defendant's motion to seal is based on the "sensitive and private" nature of the information contained within the transcript. (Dkt. [93] at ¶ 3). Defendant argues that the Court may seal the entire transcript under Federal Rule of Criminal Procedure 49.1(d). Alternatively, Defendant argues that the Court may enter a protective order to "limit or prohibit a nonparty's remote electronic access to a document filed with the court. (Dkt. [93] at ¶ 5 (citing FED. R. CRIM. P. 49.1(e)(2)). Because of the sensitive and private nature of the information contained within the transcript, Defendants claim that the Court has "good cause" to enter such a protective order. *Id.* at ¶ 8.

The Government responds that there is a "presumption of openness" in criminal proceedings. (Dkt. [94] at 1 (citing *United States v. Antar*, 38 F.3d 1348, 1358 (3d Cir. 1994)). This presumption may only be overcome when justified by an "overriding interest articulated in findings." *Antar*, 38 F.3d at 1358 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581(1980)). This requires "particularized findings of a compelling interest" to be placed on the record. (Dkt. [94] at 1-2 (citing *Antar*, 38 F.3d at 1362)). Stated succinctly, the Government argues that the Defendant's "meager demonstration" is insufficient to warrant any limitation upon access under the requirements of *Antar*. (Dkt. [94] at 2-3).

The Government also argues that there is actually a "particularly strong public interest" in ensuring that records of Defendant's sentencing proceeding remain public. *Id.* at 3. This is due to the "significance of [Defendant's] prosecution" and the "novel and questionable diagnosis presented on [Defendant's] behalf." *Id.* Additionally, the Government notes that members of the

media were present at Defendant's sentencing, including the proceeding to which Defendant now seeks to restrict or prohibit access. *Id.* Finally, the Government argues that Rule 49.1 is not applicable in the manner with which Defendant attempts to use it. *Id.* at 4. Indeed, the Rule is not "intended to affect the limitations on sealing that are otherwise applicable to the court." FED. R. CRIM. P. 49.1, Advisory Committee Notes.

Defendant replies first that a protective order under Rule 49.1(e) is not a restriction upon access because members of the public may access the protected document on the public computer terminal in the clerk's office. (Dkt. [95] at ¶ 2). Defendant turns next to the question of whether "good cause" exists for issuing the protective order, and concludes that it does. Defendant bases this conclusion first upon the fact that the transcript largely incorporates information from the memorandum and expert evaluation previously filed under seal. (Dkt. [95] at ¶ 5). Further, a portion of the testimony discusses mental health and emotional issues associated with Defendant's family members. (Dkt. [96] at ¶ 6). Thus, the transcript jeopardizes the privacy interests of "innocent" third parties. *Id.*

### III. Analysis

Rule 49.1 was created in response to section 205(c)(3) of the E-Government Act of 2002, Public Law No. 107-347, which directed the Supreme Court "to prescribe rules 'to protect privacy and security concerns relating to electronic filing of documents and the public availability … of documents filed electronically.'" FED. R. CRIM. P. 49.1, Advisory Committee Notes. Therefore, Rule 49.1 provides "privacy protection for filings made with the court." FED. R. CRIM. P. 49.1. These protections are not unlimited, however. Subdivision (e), for example, is not "intended to affect the limitations on sealing that are otherwise applicable to the court." FED. R. CRIM. P. 49.1, Advisory Committee Notes.

### a. Federal Rule of Criminal Procedure 49.1(d)

As to Defendant's argument under Rule 49.1(d), the Court notes that this subdivision applies to "filings made under seal." FED. R. CRIM. P. 49.1(d). The transcript which Defendant seeks to have placed under seal was not filed under seal, nor did Defendant attempt to have the transcript sealed in a timely manner; the transcript was publicly available on CM/ECF for over six months before Defendant filed his motion to seal under Rule 49.1(d). Because the transcript was not a "filing[] made under seal," and because the document has been available to the public for several months, the Court declines to exercise its discretion under Rule 49.1(d), and therefore denies Defendant's motion under that rule.

### b. Federal Rule of Criminal Procedure 49.1(e)

With respect to Rule 49.1(e), this Court's analysis is informed by the opinion of its sister court in the Eastern District of Pennsylvania in *United States v. Konrad*. 2011 WL 1549494 (E.D.Pa. 2011). In *Konrad*, prior to his plea hearing, the defendant moved the court to redact details from the Information regarding diagnoses of the defendant's mental health and substance abuse. *Id.* at *1. The motion was granted. *Id.* At the plea hearing, *in open court*, the Government referred to a Guilty Plea Memorandum that included the very information the defendant had moved to redact. *Id.* at *2. The defendant made no effort to challenge this information being read into the record or to request that the transcript of the hearing be sealed. *Id.* After the defendant pleaded guilty, the court reconsidered the defendant's earlier motion to seal and found that it had erred in granting the motion. *Id.*

This Court is aware that the facts and issue in *Konrad* were not entirely analogous to the instant case. Whereas the *Konrad* defendant sought to limit access to certain information entirely (by way of redaction), Defendant here seeks only to restrict electronic access to the relevant

document. Moreover, the *Konrad* defendant sought to restrict access to information contained within the charging documents, rather than information put forth at a public hearing. However, this Court finds these differences to be of no consequence for purposes of the Rule 49.1(e) analysis. It therefore finds the *Konrad* analysis instructive to the present issue.

Based on the Advisory Committee's admonition that subdivision (e) is subject to "the limitations on sealing that are otherwise applicable to the court," the *Konrad* court turned to the common law right of public access to inform its analysis. *Id.* at *5. This Court is mindful that Defendant's argument under Rule 49.1(e) is not a motion to seal *per se*, but because the requested order would impose a dramatic restriction on access, the Court treats the order as analogous for purposes of this analysis. This treatment is supported by the Rule itself. *See* FED. R. CRIM. P. 49.1, Advisory Committee Notes (placing limitations on sealing upon *all* of subsection (e)).

The right of public access analysis begins with the presumption that the right to access attaches to any "judicial record." *Id.* What qualifies as a "judicial record" hinges on "whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *United States v. Kushner*, 349 F.Supp.2d 892, 898 (D.N.J. 2005) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)). The Third Circuit has liberally qualified items as judicial records. *See United States v. Criden*, 648 F.2d 814 (3d Cir. 1981) (*Criden I*) (video and audio tapes admitted as evidence and played to the jury); *United States v. Martin*, 746 F.2d 964 (3d Cir. 1984) (transcripts of tapes introduced into evidence, although the transcripts were never introduced into evidence); *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985) (*Smith I*) (bills of particulars); *United States v. Smith*, 787 F.2d 111 (3d Cir. 1986) (*Smith II*) (transcripts of sidebar and in-chambers conferences during which court

made substantive rulings); *Antar*, 38 F.3d 1348 (transcripts of voir dire proceedings conducted after press complied with court's request to leave the courtroom for space reasons); *United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007) (materials potentially subject to discovery under *Brady v. Maryland*, 373 U.S. 83 (1963), and filed with sealed motion for *in camera* review). Like many of these other records, the transcript at issue here is a judicial record because it has been filed with the Court and was "incorporated" into the proceedings. The presumption of access therefore attaches.

Although there is a presumed right of access to judicial records, the right is not absolute. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). While the presumption of access is strong, it can be overcome if the party seeking to "overcome the presumption of access [can] show that the interest in secrecy outweighs the presumption." *Leap Systems, Inc. v. Moneytrax, Inc. et al.*, --- F.3d ---, 2011 WL 871266, *5 (3d Cir. 2011). A court should therefore determine the weight of the presumption of access, taking into account the public interest in access, and weigh that against any countervailing considerations to access. *See Konrad*, 2011 WL 1549494 at *7-*9.

### i. Presumption of Public Access

"[T]he weight to be given [to] the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at *7 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). The weight of the presumption can also be impacted by the "differing levels of [the public's] exposure to the proceedings at issue" and the degree to which the relevant documents "directly impacted and were crucial to the district court's exercise of its Article III duties." *Kushner*, 349 F.Supp.2d at 904.

At this juncture, the Court notes that there are essentially two kinds of information contained in the transcript: information related directly to Defendant, and information related to specific members of Defendant's family. *Compare* (Dkt. [87] at 19) (discussing Defendant's "history of Tourette syndrome.") *with id.* at 16-17 (discussing particular issues associated with Defendant's family members). Because these types of information are so different, the weight of the presumption of access may differ between them.

Defendant offered the testimony contained in the transcript at issue as relevant to the Court's sentencing adjudication. The information pertaining to Defendant was considered in arriving at his sentence. It was therefore "crucial to the district court's exercise of its Article III duties." *Kushner*, 349 F.Supp.2d at 904; *see also Amodeo*, 71 F.3d at 1051. For this reason, the weight of the presumption is strongly in favor of access for information pertaining directly to Defendant.

On the other hand, the transcript also contains testimony that pertains directly to Defendant's family which Defendant presented as mitigating evidence. While the Court is not as concerned with the mental or emotional state of Defendant's parents, the Court did take this evidence into account in arriving at its conclusion. The evidence was therefore relevant to the Court's sentencing considerations. Moreover, Defendant chose to introduce that evidence in the presence of the relatives about whom the expert was testifying. Neither Defendant nor the involved family members raised concerns over making this information public at any point before, during, or after presentation of the testimony. For these reasons, the familial information presented in the transcript is also subject to a strong presumption in favor of access.

### ii. The Public Interest in Access

The Third Circuit recognizes an especially "vital interest" in access to judicial records in criminal cases. *Wecht*, 484 F.3d at 210. This interest arises due to the necessity for public oversight of "the process by which the government investigates and prosecutes its citizens." *Id.* (quoting *United States v. Criden*, 675 F.2d 550, 556 (3d Cir. 1982) (*Criden II*)). Due to the particular crime at issue in this case, this Court finds that the public has a strong interest in access to information pertinent to the Court's decision. Thus, "[t]he subject matter of the charge supports a determination that a strong presumption of access attaches" to the transcript. *See Konrad*, 2011 WL at *8.

### iii. Countervailing Considerations

Finally, the Court notes that a presumption of access "may be outweighed by countervailing principles." *United States v. Kemp*, 365 F.Supp.2d 618, 628 (E.D.Pa. 2005) (citing *In re Neward Morning Ledger, Co.*, 260 F.3d 217, 221 n. 6 (3d Cir. 2001)). Thus, the Court considers those countervailing considerations proffered by Defendant – namely, the sensitivity of the information and concerns for Defendant's privacy and the privacy of his family.

The Second Circuit has held that private concerns such as "illnesses [and] embarrassing conduct with no public ramifications … weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051. The Third Circuit, however, has taken a different position, particularly where the information sought to be protected has already been made available to the public. *See Smith I*, 776 F.2d at 1105-18; *Smith II*, 787 F.2d at 114-16; *accord United States v. Abdallah*, 2009 WL 2246156 (S.D.Tex. July 24, 2009) (finding that patients' privacy interests could not outweigh the public's interest in access where

the medical information "was offered by the patients themselves *in open court* and was a vital part of the government's case.") (emphasis added).

In light of the foregoing, this Court finds that Defendant's privacy and sensitivity justifications are inadequate to justify a restriction on electronic access to the transcripts of the sentencing hearing. Not only has the information which Defendant seeks to protect been public for over six months, but Defendant himself offered the testimony in open court. This Court declines to exercise its discretion where the Defendant has himself made public information he now wishes to withdraw from the public domain. The Court therefore denies Defendant's motion to limit electronic access to the transcripts by way of Federal Rule of Criminal Procedure 49.1(e).

## IV. Conclusion

For the foregoing reasons, Defendant's Motion is DENIED. An appropriate order to follow.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

Date: May 16, 2011